8898

THORNTON v. SPARTAN MILLS.

(82 S. E. 414.)

MASTER AND SERVANT. ASSUMPTION OF RISKS. CHARGE. TRIAL. INSPECTION BY JURY.

1. An incidental remark in connection with charge on assumption of risks, "that does not mean the person assumes the risks of negligence" cannot reasonably be supposed to have affected the verdict, where the law with reference to that defense was fully covered in the general charge, and special instructions given on request of appellant.

2. It is not to be reasonably supposed that a reference to the policy of Congress as to the doctrine of contributory negligence affected the verdict, where the jury were instructed that they were bound by the law of this State, and if the evidence proved that plaintiff was guilty of contributory negligence, she could not recover.

3. The refusal of a motion to permit a jury to leave the courthouse, and to inspect the locus where an injury occurred is within the discretion of the trial Judge, and no abuse of discretion is shown in this case.

Before MEMMINGER, J., Spartanburg, March, 1913. Affirmed.

Action by Josie Thornton against Spartan Mills. From judgment for plaintiff, defendant appeals. The charge of the Circuit Judge was as follows:

FOOTNOTE.—See note upon the allowance of a view by the jury in the discretion of the Judge.  42 L. R. A. 368.

Now, Mr. Foreman and gentlemen of the jury, this investigation between Josie Thornton, known as the plaintiff in this case, and the Spartan Mills, known as the defendant, has occupied a great deal of the time of the Court, and it has been a very thorough investigation; you gentlemen have listened patiently to all of the evidence, and you have had the benefit of hearing a great deal of speaking from the lawyers, all of which has been entertaining and no doubt very instructive to you.

Now, under our system of administering justice you have from the Judge no statement or expression of opinion, in any way, shape or form, upon the facts, that being entirely for you; because the Constitution says that Judges shall not charge juries in respect to matters of fact, but shall declare the law. Now, the points of law involved in this controversy are very simple and plain and easily understood, and can be and will be stated to you in a very short period of time; it being so that the Judges going all over the State and trying cases in which these same questions arise become accustomed to state them to the juries in a very brief form, the subjects themselves not being capable of any great variety of statement.

You have this girl claiming against the Spartan Mills actual damages for injuries she claims she received at the Spartan Mill, and she claims that they were inflicted on her by reason of negligence on the part of the Spartan Mill; and she specified in her complaint, as the law requires her to do, what acts she charges on the part of the Spartan Mill as being negligent on their part, and you have heard them repeatedly stated, and you will find them stated in the complaint, which you will take to your jury room, and upon which you will write your verdict. The charges are, in not having the place sufficiently lighted where she was called upon and did have to work, and therefore, by reason of insufficient light, she was not furnished with a reasonably safe place in which to work. And then, as

another specification, she claims that there was a danger there in the place where she had to work and of which she was not warned, and she claims she ought to have been warned. And another specification, which is not, however, insisted upon to any great extent, that she had to sit in an awkward position to do the work, the floor being slippery, and so forth, so that she was subjected to danger by reason of the place being not reasonably safe for working on that account.

Now, the question is there whether or not any of those. things have been made out by the greater weight or preponderance of the evidence, and, if so, is that negligence on· the part of the mill? Now, the Judge can't tell you what state of facts would constitute negligence on the part of the mill, but the Judge can tell you, and does tell you, that negligence is the failure to exercise due care, it being for the jury to say in the particular case what would constitute due care. Another definition of negligence is the doing of something which a reasonably prudent person would not have done, or failing to do something which a reasonably prudent person would have done.

Now, the law requires the mill, the employer here of this plaintiff, to exercise that due care, and it says that the failure to exercise due care is negligence, and that if injury results as a proximate cause from that negligence, then the mill is responsible in damages peremptorily unless some of the defenses which I will refer to hereafter are made out.

One of the duties that the law requires of the mill, the employer of the plaintiff here, is to furnish her with a reasonably safe place in which to work. It is charged here that that place was not sufficiently lighted, and, therefore, not a safe place for her to work in. It does not require the mill to furnish her with the safest possible place in which to carry on that work, but it says a reasonably safe place in which to work. That is what the law requires of the mill, to furnish her with a reasonably safe place in which

to work, and to keep it in a reasonably safe condition for her to carry on her work in; and it says that the employee. the plaintiff in this case, has a right to assume that the place provided for her to work in by the mill is reasonably safe, and to rely upon that assumption that the place is reasonably safe for her work in.

Now then, in response to those charges made by the plaintiff, the young lady in question here, the mill comes in and denies all negligence on its part; denies that it failed to exercise due care. It goes a step further and says that even if the jury decide that it has not done that, that it is guilty of negligence as charged in the complaint, that yet still, under the law, this plaintiff would not be entitled to recover for two reasons, which they set up here as separate and distinct defenses; the one is that she herself was guilty of what is known in law as contributory negligence. That is, that even if you find that the mill was negligent and that her injury was brought about and caused to her as a proximate result of that negligence, that yet she herself was also negligent, and that her negligence contributed to her injury as a proximate cause thereof. And then it sets up another defense, known in the law as an assumption of risk. That is, they charge that she was injured by the risk ordinarily incident to the employment which she undertook, and that under the law, therefore, she would not be entitled to recover damages. Now then, gentlemen, contributory negligence in the law is the want of ordinary care by a person injured by the actionable negligence of another, concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred. That is, the law says that even if the mill be negligent, as charged, and you so decide, that yet still, if the greater weight of the evidence upon this defense satisfies you that she also was negligent— that is, failed to exercise due care herself—the two combining and contributing to the injury as proximate causes

thereof, that the law does not attempt to come in and apportion the degrees of violations, but says it would be setting a premium on carelessness to give damages to a person who is guilty of contributory negligence.

2    There are many who do not approve of that doctrine, and Congress has passed a law to abolish that, on the principle that self-preservation would cause a person to protect oneself.   But we are bound by the law of this State, that where the evidence proves by its greater weight that the plaintiff was guilty of contributory negligence, he or she cannot recover.

And also we have the defense of assumption of risk. The burden is upon the mill here to prove it by the greater weight of the evidence, and says that where the plaintiff is injured by the risk ordinarily incident to the employment which he or she undertakes cannot recover.   That does not mean that the person assumes the risk of negligence; but, as you very well know, that operating certain sorts of things are more dangerous than others; and the law says that when one undertakes to go into an employment of that sort he undertakes risks.   And ordinarily there are certain risks incident to it that that person assumes; that is, to take risks, and if injured by one of those risks incident to the employment he cannot recover damages therefor.   And there is a duty on the person employing labor to warn a person against a danger which is not ordinarily incident to the employment and which is not apparent and obvious to a person working there in the exercise of due care, which the law requires of such a person, and the failure to warn of such a danger is a breach of the duty which the law imposes upon the employer.   It does not require the employer, the mill, to go and warn the employee of those things which are so obviously dangerous that the employee would know with ordinary care were dangerous.   You would not have to go to work and warn a mill employee in a sawmill that the saw would cut

if he put his hand on it. But if you have some danger which would not be observable in the exercise of due care, then the law says you must warn him of it. Now, it is claimed that this mill didn't warn this girl of the danger of operating the machinery, and that that was an act of negligence on their part. Now then, of course, it is for you to say, gentlemen, whether she was injured by such risk as was so obvious, plain and observable by any one in the exercise of ordinary care as that she should know it in the exercise of ordinary care; if so, there would be no necessity to warn her. But if there was some danger that she would not know of by the exercise of ordinary care, it would be their duty to warn her of it.

She claims here only actual damages, nothing in the way of punishment or punitive damages, which you hear so much discussed here, but asks for actual damages which will actually compensate her for the injury sustained. And in considering that, you take into consideration not lawyers' fees, but the physical impairment of the person, loss of earning capacity; and if the injury be permanent, as there is no dispute as that it is in this case a permanent injury, you add to the damages sustained up to the time of this suit, this case that we are trying, such as it is reasonably certain will of necessity result in the future to her by reason of the injury; the idea being to compensate her for the injury sustained.

Now, there are some principles of law, gentlemen, which are set out in what are known as requests to charge, which the lawyers in the case have a right to hand up to the Judge and ask him to charge them to the jury, and if he fails and has not covered them in his general charge it is held to be an error in not charging them. Therefore, out of abundance of caution, I will read them to you, as they are correct statements of law. All of these are on behalf of the mill. The plaintiff has passed up no requests to the Court, but

left it to the general law, which has already been stated to you.

(Reads.) "1. This is an action based on the charge of negligence. Before plaintiff can recover she must satisfy you by the preponderance of the evidence that defendant was negligent in one or more of the respects set forth in the complaint, and that such negligence was the proximate cause of her injuries.

"2. The defendant owed the duty to the plaintiff to furnish her with reasonably safe machinery and appliances with which to work and with a reasonably safe and suitable place in which to work, but the plaintiff also owed a duty to the defendant. It was her duty to use reasonable care, to exercise her faculties of sight, if she could see, so as to avoid injury to herself, and even though the master failed in its duty to her in any respect, still, if she knew of the danger and could see the danger by which she was injured, it was her duty to exercise reasonable care to avoid being injured by it; and while a servant has a right to assume that machinery and appliances furnished him are reasonably safe and that the place to work in is reasonably safe, he cannot walk into an apparent danger and, without the slightest exercise of his faculties, handle a thing which the slightest degree of care would show him was unsafe and then recover damages because he may have thought it was all right. The law does not set a premium on that sort of thing. A servant has the right to rely upon the presumption that a thing is safe; but, nevertheless, the law says he must use ordinary care to avoid being injured by it, and if it is apparent to him that it is unsafe and he, nevertheless, goes ahead and uses it and gets hurt, the master in such case would not be liable. The law requires the servant to use his or her faculties to see what the risk is and what the condition of the machinery is.

"3. The master is not liable for damages merely because a servant gets hurt, but his liability rests solely upon the

question of his negligence; and negligence is the failure to exercise reasonable care under the circumstances—that is, such care as a person or corporation of ordinary prudence would exercise under the same circumstances. If the servant is employed to work with machinery that is obviously dangerous and that is open and of which the servant is aware, then there is no duty resting upon the master to warn the servant against an obvious danger, because it is the duty of the servant to exercise his or her own faculties to keep out of the way of such danger.

"4. I charge you that the plaintiff in this case in entering upon the contract of employment assumed all the risks of dangers that were *ordinarily* incident to her employment, and she also assumed any risks of dangerous machinery, if they were open and obvious and known to her, and if the injuries which she received were caused by a danger which was open and obvious and which she knew of, then she assumed the risks thereof and cannot recover.

(The word "ordinarily," italicised above, was added in the foregoing request to charge by the Court.)

"5. I charge you further that if the plaintiff, by her own carelessness or negligence, contributed to her injuries as a proximate cause thereof, she cannot recover, no matter how negligent the defendant mill may have been; for it is the law that where both parties are negligent and the negligence of one commingles with the other and contributes along with it toward the injuries as the proximate cause, there can be no recovery.

"6. I charge you further that it is the duty of the servant to obey and observe the reasonable rules of his or her master, and I charge you further that the rule of a master forbidding servants to clean dangerous machinery while in motion is a reasonable rule.

"7. If you find that the defendant company had a rule forbidding its operatives to clean dangerous machinery while in motion, and if you find that the machinery by

which the injury occurred was dangerous, and that the plaintiff's injuries were caused by her effort to clean said machinery while in motion, and if you further find that she was aware of the presence of said dangerous machine and that it was open and obvious, and that she knew of the rule of the master, and, nevertheless, in violation of the rule, went ahead and undertook to clean the machine while in operation, then she cannot recover.

"8. I charge you further that a person of mature years and experience in the handling of machinery is *prima facie* presumed to know that it is dangerous to place his hands in contact with dangerous machinery, and if such a person is aware of the presence of such machinery and knows that it is there, there is no duty upon the master to warn such person against such machinery, as such a warning would be useless to a person who already knows of it.

"9. While it is the duty of the master to warn his servant against hidden or latent dangers, where the master knows or has reason to know that the servant is ignorant of such hidden dangers; yet, if the servant is already informed of the presence and extent of such danger, the master does not have to warn him or her, and if the servant, with knowledge of the danger, goes ahead and operates and works with such dangerous implement voluntarily and without any emergency, the servant assumes the risks of so doing, and cannot recover in case of injury.

"10. It makes no difference in this case whether the master had a rule forbidding the cleaning of moving machinery with the hands or not. Even if there was no such rule, the plaintiff was required to exercise her own intelligence in avoiding coming in contact with moving machinery; and if she knew of it, and if she was aware of the presence of such dangers and knew the danger, the law required that she should avoid it, even though there was no rule of the company, and even though she had not been warned against it."

Now, gentlemen, that covers everything in the case. It is for you to decide it on the facts and under these rules of the law.

Here is the paper upon which you write your verdict, marked on the outside "Summons for Relief." That contains a statement of the plaintiff's case; and I also hand you the answer, which contains the defense of the defendant. Write your verdict on the back of this paper marked "Summons for Relief"—either, we find for the plaintiff so much money—writing it out in words and not in figures; or, we find for the defendant—and let the foreman sign the verdict, and the date and the word "foreman."

Retire now, gentlemen, and decide the case.

*Messrs. Bomar & Osborne,* for appellant, submit: *The charge stated broadly that the servant does not assume the risk of negligence by the master, without stating any exceptions to this broad principle. The reference to congressional action minimized the importance and soundness of the doctrine of contributory negligence. Rules governing exercise of discretion:* 60 S. C. 140; 75 S. C. 399 and 83 S. C. 570, *distinguished.*

*Messrs. Gwynn & Hannon* and *John Gary Evans,* for respondent.

July 17, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the negligence of the defendant.

After the close of the testimony, the attorneys for the defendant requested his Honor, the presiding Judge, to permit the jury to go to the scene of the accident, and examine the machine by which the plaintiff was injured, which request was refused. The accident occurred at

Spartan Mills in the city of Spartanburg, about a quarter of a mile from the courthouse.

The jury rendered a verdict in favor of the plaintiff for two thousand dollars, and the defendant appealed.

The first and second exceptions were not argued, and, therefore, will not be considered.

The third and fourth exceptions are as follows:

*Third.* "Error in charging the jury as follows, in connection with the charge on the assumption of risk and contributory negligence: 'There are many who do not approve of that doctrine (meaning the doctrine of assumption of risks and contributory negligence), and Congress has passed a law to abolish it, on the principle that self-preservation would cause a person to protect oneself.' It being respectfully submitted, that in so charging, his Honor minimized the force and effect of assumption of risks and contributory negligence, giving the jury to understand, that the highest authority in our government, did not look with favor upon it, and thus gave the jury an opportunity to take the same view as Congress. It being respectfully submitted that it was highly improper for his Honor to go out of the record and make such remarks to the jury."

*Fourth.* "Error in charging the jury, in connection with his charge of assumption of risks, as follows: 'That does not mean that a person assumes the risks of negligence.' Thus charging the jury that a servant does not assume the risks of defects and dangers, where the same is due to negligence of the master. It being respectfully submitted, that the said charge was erroneous and gave the jury to understand, that assumption of risk only applies to defects and dangers, not due to negligence by a master."

When those portions of the charge quoted in these exceptions are considered in connection with the entire charge, there is no reasonable ground for supposing that the result would have been different if his Honor, the presiding Judge, had not so charged.

The fifth exception is as follows:

*Fifth.* "Error in not sending the jury to the scene of the accident, or giving them an opportunity to go, so as to enable them to judge for themselves, whether or not the plaintiff could, and did, see the danger, which caused the injury, that being the only question in the case, especially as it appeared from the evidence, that the conditions and surroundings were exactly the same at the trial, as when the accident happened, and especially as the evidence of the witnesses, as to what could be seen, was conflicting. It is submitted that under the circumstances, it was an abuse of discretion in not permitting the jury, or at least offer them an opportunity, to go to the scene of the accident."

The appellant's attorneys have failed to satisfy this Court that there was an abuse of discretion on the part of his Honor, the presiding Judge, in refusing the said request.

Judgment affirmed.