16854

MACE v. BERRY *ET AL.*

(81 S. E. (2d) 276)

*Messrs. P. H. McEachin,* of Florence, and *Woods & Woods,* of Marion, *for Appellant,*

*Messrs. Neil Brooks, Associate Solicitor, U. S. Department of Agriculture,* and *John C. Bagwell,* and *Donald A. Campbell, Attorneys, U. S. Department of Agriculture,* of Washington, D. C., and *Ben Scott Whaley, United States Attorney,* and *Russell D. Miller, Assistant United States Attorney,* of Charleston, *for Respondents,*

*Messrs. P. H. McEachin,* of Florence, and *Woods & Woods,* of Marion, *for Appellant, in reply,*

April 1, 1954.

Moss, Acting Associate Justice.

This action was instituted by the appellant to review the 1951 flue-cured tobacco acreage allotment and farm marketing quota for the appellant's farm, under the Agriculture Adjustment Act of 1938, as amended, 52 Stat. 31, 62 Stat. 1250, 7 U. S. C. § 1281 *et seq.,* 7 U. S. C. A. § 1281 *et seq.* The Act authorizes such review in the United States District Court, for the district in which the farm is located, or by a proceeding "in any court of record of the State having general jurisdiction, sitting in the county * * * in which his [the plaintiff's] farm is located * * *". 52 Stat. 31, 63, 7 U. S. C. § 1365, 7 U. S. C. A. § 1365.

There is no necessity to here recite the factual situation that exists in this proceeding. The facts have been passed upon by the Marion County Committee of the Production and Marketing Administration. The Review Committee has also passed upon the facts pursuant to a petition for review from the County Committee's findings. A full and complete hearing was held by the Review Committee, testimony of all witnesses presented and exhibits offered were received and the entire record reviewed. The Review Committee made its findings of fact and affirmed the action of the County Committee. Upon appeal to the Circuit Court for the Twelfth Circuit the Honorable G. Badger Baker affirmed the findings of fact of the County and Review Committees, except that he did increase the acreage allotment to appellant from 5.8 acres, as found by the Review Committee, to 7.8 acres and directed the return of the case to the Review Committee for the purpose of reinstating the additional two acres of tobacco allotment.

This Court has heretofore in the cases of *Lee v. De-Berry,* 219 S. C. 382, 65 S. E. (2d) 775, and *Lee v. Berry,* 219 S. C. 346, 65 S. E. (2d) 257, 259, had occasion to set forth the guiding principles applicable to a judicial review under the Agricultural Adjustment Act of 1938, and this Court is bound by the pronouncements there made.

"This Court is limited in its scope of inquiry to questions of law and is bound by the findings of fact as determined by the fact-finding body (in this case the committee) if there is any competent evidence to support such findings." *Lee v. Berry, supra.*

"The scope of judicial review in a proceeding of this kind under the Agricultural Adjustment Act of 1938, as amended, is limited by the explicit provisions of the Act to questions of law. The court is directed to affirm the determination of the Review Committee if its findings of fact are supported by substantial evidence. If so supported, such findings are

made conclusive. See 366 of the Act, 7 U. S. C. A., § 1366."
*Lee v. DeBerry, supra* [219 S. C. 382, 65 S. E. (2d) 777.]

It is the judgment of this Court that the determination of the Review Committee is supported by the facts recited in the Order of the Trial Judge. We are, therefore bound by such and hence all exceptions raising questions of fact are overruled and the Order of the Circuit Judge with reference thereto affirmed.

It should also be stated that:

"It is explicit that the acreage allotment is made to the farm and not the person who owns or operates the farm and therefore, runs with the land." *Lee v. Berry, supra.*

The action of the County and Review Committees and as affirmed by the Circuit Judge following this explicit provision is affirmed.

The appellant also alleges that the Committee was in error in visiting the tracts of land involved in this proceeding and, while there, receiving testimony as to the acreage in crop land. It appears from the record that at the conclusion of the taking of oral testimony it was announced that the Review Committee would in company with a representative of the County Committee and a representative of the Appellant go to the farms in question for the purpose of inspecting said farms. The record does not reveal any objection to this procedure on the part of the appellant. In fact the record shows that the Appellant and his counsel were present when the inspection was made.

The Review Committee had the power to recess or adjourn the hearing to another locality. The regulations provide that the

"hearing shall be held at the time and place set forth in the notice of hearing * * * but may, without notice other than an announcement at the hearing by the Chairman of the review committee, be continued from day to day or adjourned to a *different place* in the county or to a later date or to a date and place to be fixed in a subsequent notice

* * *" Section 711.24 of the Marketing Quota Review Regulations, 7 C. F. R., section 711.24, emphasis supplied. Inasmuch as the regulations were issued in pursuance of constitutional statutory authority, the regulations have the same force and effect as if prescribed in terms by the statute, *i. e.,* the regulations have the force and effect of law. *Federal Crop Insurance Corporation v. Merrill,* 332 U. S. 380, 384-385 [68 S. Ct. 1, 92 L. Ed. 10]; *Lilly v. Grand Trunk [Western] R. Co.,* 317 U. S. 481, 487-488 [63 S. Ct. 347, 87 L. Ed. 411]; *Atchison, Topeka & Santa Fe Ry. [Co.] v. Scarlett,* 300 U. S. 471, 474 [57 S. Ct. 541, 81 L. Ed. 748]. The appellant presents in this case no questions as to the validity of any of the terms in the Act or in the regulations.

If the appellant conceived that the Review Committee was exceeding its authority or violating any regulation or applicable Federal Law, timely objection should have been made by him to the announcement that the Committee would view and inspect the premises in question. The appellant not having made any objection to such viewing or inspection cannot now be heard to complain of such procedure.

This Court has held in a number of cases that it is within a Court's discretion to permit juries to view premises or lands involved in litigation. *Moody v. Dillon Co.,* 210 S. C. 458, 43 S. E. (2d) 201, 205; *McCarley v. Glenn-Lowry Mfg. Co.,* 75 S. C. 390, 56 S. E. 1; *Rodgers v. Hodge,* 83 S. C. 569, 65 S. E. 819; *Thornton v. Spartan Mills,* 98 S. C. 262, 82 S. E. 414. The Review Committee committed no error in viewing and inspecting the premises in question.

In addition to what we have said in this opinion, the Order of the Honorable G. Badger Baker has been carefully considered in the light of the record and exceptions and we find ourselves in accord with the holdings therein. Let his Order be reported.

The Order appealed from is affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.