**Billy E. GRAHAM, Plaintiff,**

v.

**Rufus B. LAWRIMORE, W. E. Dargan and Albert J. Rogers, as the Review Committee for Florence County, South Carolina, of the Agricultural Stabilization and Conservation Committee, United States Department of Agriculture, Defendants.**

**Civ. A. No. 7231.**

United States District Court
E. D. South Carolina,
Florence Division.

July 26, 1960.

E. N. Zeigler, Jr., McEachin, Townsend & Zeigler, Florence, S. C., for plaintiff.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., Fred W. Harris, Jr., Atty., Office of the Gen. Counsel, United States Dept. of Agriculture, Atlanta, Ga., for defendants.

WILLIAMS, District Judge.

This is a proceeding under sections 365 and 366 of the Agricultural Adjustment Act of 1938, as amended (7 U.S.C.A. §§ 1365, 1366), for a review of a determination made by the defendants herein who constitute the Review Committee having jurisdiction of such matters in Florence County, South Carolina. The Review Committee is appointed by the Secretary of Agriculture and is provided under the Agricultural Adjustment Act for the purpose of reviewing matters relating to farm acreage allotments and farm marketing quotas established by the local committees. Section 365 of the Act confers jurisdiction on this Court to review a determination of the Review Committee with which a farmer is dissatisfied.

In accordance with the Act, there has been certified and filed with the Court a transcript of the record upon which the determination in this case was made, together with the findings of fact by the Review Committee.

A brief statement of the facts is necessary. Plaintiff allegedly filed documents known as Form CSS–578, Report of Acreage, with false certifications thereon with respect to two farms owned and operated by him in Florence County, South Carolina, in the year 1958. After the Florence County ASC Committee had notified plaintiff on or about December 5, 1958, by mail, of the 1959 flue-cured tobacco acreage allotments for each of his farms, the County Committee mailed to plaintiff on March 3, 1959 an allotment notice as to each farm reducing the 1959 tobacco acreage allotment on each farm for the reason that plaintiff filed, aided or acquiesced in the filing of a false report with respect to the acreage of tobacco on each farm.

Plaintiff filed suit in this Court on June 18, 1959 (Civil Action No. 7038) seeking to have the allotment reduction notices of March 3, 1959 declared null and void and for establishment of the allotments as set forth in the original notices of December 5, 1958. This suit was dismissed without prejudice upon plaintiff's motion for a voluntary nonsuit without prejudice predicated upon a stipulation entered into on July 21, 1959 by E. N. Zeigler, attorney for plaintiff, and Thomas P. Simpson, Assistant United States Attorney, attorney for defendants. The stipulation is set forth below in its entirety:

"It Is Hereby Stipulated And Agreed by and between counsel for the respective parties as follows:

"1. That Civil Action No. 7038, entitled Billey E. Graham, Plaintiff, v. Rufus B. Lawrimore, et al., Defendants, be dismissed without prejudice.

"2. That the Department of Agriculture, through its proper representatives, reserves the right to reduce the tobacco allotment for farms L–90 and L–91 for the 1960–61 marketing year for the alleged violations which occurred involving the 1958 crop.

"3. That the notices of farm acreage allotment forwarded by the Florence ASC Committee on March 3, 1959, which reduced the allotments on farms L–90 and L–91, be withdrawn as erroneous notices pursuant to Section 725.1027(d) of the Tobacco Marketing Quota Regulations 1959–60.

"4. That plaintiff reserves the right to file application for review under the appropriate rules and regulations for his allotments for his farms L–90 and L–91 for the 1960–61 marketing year.

"It is the understanding and intent of the parties hereto to reserve all rights that each may have under the appropriate statutes, rules and regulations and to preserve the status quo the same as if the notices of reduction of allotment had not been sent on March 3, 1959."

The County Committee on January 12, 1960 mailed a Special Notice of Farm Acreage Allotment and Marketing Quota to plaintiff for each of the two farms in question, notifying him that his 1960 flue-cured tobacco acreage allotment as to each farm was reduced for the reason that plaintiff filed, aided or acquiesced in the filing of a false acreage report with respect to the acreage of tobacco grown on the farm. Plaintiff thereupon filed applications for review of the reduced allotments and a hearing by the Review Committee was held on April 12, 1960. The Review Committee upheld the actions of the County Committee by determining that the applications for review should be denied. Plaintiff then filed this suit for review of the Review Committee's determinations.

This cause came on for hearing on July 11, 1960, at which time counsel for all parties was present and the matter was fully presented.

██ Counsel for plaintiff insists that the County Committee did not have the right to reduce the allotments and that the allotment reduction notices dated January 12, 1960 are, therefore, void since plaintiff was not afforded a hearing as provided in Tobacco Marketing County Handbook (4–TB). This position is not tenable. Even if we assume, as plaintiff insists, that the Handbook has the force and effect of law, I find that such hearing would not be required in view of the stipulation, entered into by plaintiff's counsel on July 21, 1959 in Civil Action No. 7038, that the Department of Agriculture reserved the right to reduce plaintiff's tobacco allotments for the 1960–61 marketing year for the alleged violations which occurred involving the 1958 crop. The record discloses that the County Committee held a hearing on January 6, 1959, which plaintiff did not attend due to illness and that the County Committee held a hearing on January 19, 1959, which plaintiff did attend. Further, plaintiff was afforded a full, fair and impartial hearing before the Review Committee on April 12, 1960, at which he was represented by counsel and which is the only hearing required by the Agricultural Adjustment Act (7 U.S.C.A. § 1363) and the regulations of the Secretary of Agriculture promulgated pursuant thereto (24 Federal Register 6895, 7243).

 While the Administrative Procedure Act (5 U.S.C.A. § 1003) and the Federal Register Act (44 U.S.C.A. § 307) are set up in terms of making information available to the public, the acts are more than mere recording statutes whose function is solely to give constructive notice to persons who do not have actual notice of certain agency rules. The Acts set up the procedure which must be followed in order for agency rulings to be given the force of law.

Unless the prescribed procedures are complied with, the agency or administrative rule has not been legally issued, and consequently it is ineffective. The administrative handbook referred to by plaintiff was not published in the Federal Register. Hence the handbook is not tantamount to regulations published in the Federal Register, and the handbook does not have the force and effect of law. Hotch v. United States, 9 Cir., 212 F.2d 280, 283–284, 14 Alaska 594; United States v. Morelock, D.C.D.Md., 124 F. Supp. 932, 944; Hawkins v. State Agriculture Stabilization and Conservation Committee, D.C.D.Tex., 149 F.Supp. 681, 687–688, affirmed 5 Cir., 252 F.2d 570.

The allotments were reduced under the authority of 7 U.S.C.A. § 1313(g), which states in part, "If any producer on the farm files, or aids or acquiesces in the filing of, any false report with respect to the acreage of tobacco grown on the farm required by regulations issued pursuant to this chapter, the acreage allotment next established on the farm on which such tobacco is produced shall be reduced by a percentage similarly computed" and Section 725.1119(c) of the regulations issued pursuant thereto. The reduction is not permanent. The forms entitled Special Notice of Farm Acreage Allotment and Marketing Quota, mailed to plaintiff on January 12, 1960, stated thereon "An allotment reduction for a particular violation is for one year only".

It is significant to note that the original measurement on plaintiff's farm No. 718 (L–90) disclosed 13.90 acres of tobacco planted and that the 1958 tobacco acreage allotment for this farm was 14.24 acres; thus the original measurement showed this farm underplanted by 0.34 acre. The additional field of tobacco discovered on this farm contained 5.97 acres which resulted in the farm being overplanted by 5.63 acres.

The original measurement on plaintiff's farm No. 3955 (L–91) disclosed 11.16 acres of tobacco planted and the 1958 tobacco acreage allotment for this farm was 12.00 acres; thus the original measurement showed this farm underplanted by 0.84 acre. The two additional fields of tobacco discovered on this farm contained 10.04 acres which resulted in the farm being overplanted by 9.20 acres.

■ This case is not a commonplace one in which the Court is clothed with its ordinary jurisdiction, legal or equitable. It is a special statutory proceeding in which jurisdiction extends only to review the action of the review committee, and the Court is limited in its scope of inquiry to questions of law and is bound by the findings of fact of the review committee if there is any competent evidence to support such findings. 7 U.S.C.A. § 1366; Smith Land Co. v. Christensen, 10 Cir., 148 F.2d 184, 185; Lee v. Berry, 1951, 219 S.C. 346, 65 S.E.2d 257, 259; Mace v. Berry, 1954, 225 S.C. 160, 81 S.E.2d 276, 281; Rymer v. Garnett, Ky. 1951, 244 S.W.2d 439, 440.

It is observed that the entire Review Committee, at the request of the plaintiff, personally visited plaintiff's farm before it made its findings of fact.

■ It is the opinion of this Court and the Court finds that the findings of fact of the Review Committee are supported by competent evidence.

It Is, Therefore, Ordered, Adjudged and Decreed that the determinations of the Review Committee be and the same are hereby confirmed in every respect and the plaintiff taxed with the costs of this action.