### 7324

#### RODGERS v. HODGE.

JURY TRIAL—VIEWING PREMISES.—If the trial Court, in an action for damages for removing timber from lands and to enjoin the same conceives that the facts can be accurately described to the jury by testimony, and a view will not enable the jury to better understand and apply the facts in evidence, it is not an improper exercise of his discretion to refuse the view.

Before DANTZLER, J., Sumter, April, 1908.    Affirmed.

Action by Henry A. Rodgers against Thomas E. Hodge. From judgment for defendant, plaintiff appeals.

*Mr. A. B. Stuckey,* for appellant, cites: *It is error to refuse view of premises to jury:* 1 Ency., 222, note 1.

*Messrs. Lee & Moise,* contra.    *No error in refusing view:* Code 1902, 2950; 45 S. C., 262; 1 Cyc., 219; 16 Pac., 345; 29 N. Y., 418, 59 S. C., 268; 58 S. C., 460; 57 S. C., 290; 54 S. C., 234; 53 S. C., 222; 60 S. C., 135; 47 S. C., 498; 17 S. C., 451; 72 S. C., 131, 162, 322, 433; 43 S. C., 370.

October 19, 1909.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.    In this action plaintiff sought to recover one hundred dollars' damages of defendant for cutting and removing live or growing timber from plaintiff's land, and to restrain further cutting and removing of such timber, the complaint alleging that the contract between the parties embraced the sale of and right to remove

only the timber lying down upon the land. The defendant answered, alleging that the contract was for sale of all the timber on the tract, down or standing, suitable for saw-mill purposes. The issue as to damages was submitted to a jury. Plaintiff introduced testimony to show that the sale of the timber was upon a verbal contract for the storm or blown down timber; that the value of the down timber was fifty dollars, the price paid by defendant, and the value of the down and standing timber was four hundred dollars.

Defendant introduced testimony to show that the contract included all the timber down and standing, and that the down timber was worth not more than fifteen dollars, and the standing timber not more than thirty-five dollars.

At the close of the testimony plaintiff moved the Court to allow the jury to visit the tract of land and view the timber and the stumps thereon. The Court, after inquiring of the jury and ascertaining that they were equally divided as to whether they wished to view the premises, with hesitation decided to let the jury go upon the premises, if they could go and return during the day. Finding this impossible on account of the distance to the premises, which was about nine miles away, the Court inquired if the jury could start about seven o'clock the next morning, when one of the jury answered no. Finally the Court concluded that, as the issue depended upon the terms of the contract, he did not deem it necessary to a just decision of the case for the jury to view the premises. After the jury were charged, and retired to their room, they returned for further instructions, and asked the Court to be allowed to view the premises, as they would not otherwise be satisfied to come to any agreement.

The Court declined to grant the request, stating that he did not see how it would help the jury in this case.

The jury retired and rendered a verdict for the defendant, and decree of the Court was made accordingly.

Plaintiff's exceptions allege abuse of discretion in refusing to allow the jury to view the premises.

Section 2950 of volume I, Code of Laws, provides: "The jury in any case may, at the request of either party, be taken to view the place or premises in question, or property, matter or thing relating to the controversy between the parties, when it appears to the Court that such view is necessary to a just decision, etc."

Under this statute it is discretionary with the trial Court whether it will allow the jury to view the place, and, in the absence of abuse of discretion, this Court will not interfere. *Bodie* v. *Railway Co.*, 66 S. C., 315, 44 S. E., 943; *McCarley* v. *Mfg. Co.*, 75 S. C., 398, 56 S. E., 1.

The statement above shows that the action of this Court was not arbitrary or capricious, or without justification in the evidence, and that his judgment was not influenced by prejudice or partiality; that the conclusion was not based upon an error of law, but, on the contrary, that it was founded upon his honest view that it was not necessary to a just decision of the case to send the jury to view the place. The case depended on the terms of the contract, and there was no reasonable certainty that a mere view of the place was necessary to determine that question, and for obvious reasons a view may have led the jury into error. If the trial Court conceives that the facts can be accurately described to the jury by testimony, and a view will not enable the jury to better understand and apply the facts in evidence, it is not an improper exercise of his discretion to refuse the view. 22 Ency. Pl. & Pr., 1054-5.

The judgment of the Circuit Court is affirmed.