15173

BAROODY v. ANDERSON *ET AL.*

(11 S. E. (2d), 860)

May, 1940.

424

*Messrs. W. Marshall Bridges, William H. Blackwell* and *L. C. Wannamaker,* for appellants,

*Messrs. Willcox, Hardee, Houck & Wallace* and *Stevenson & Lindsay,* for respondent,

December 3, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This action is for damages which plaintiff alleges grew out of the collision between the truck of plaintiff and that of the defendants, which was brought about through the negligent actions of the driver of defendants' truck.

The case was heard by the Honorable E. H. Henderson, presiding in the Court of Common Pleas for Marlboro County, and resulted in a verdict for defendants. A motion for new trial on the minutes was made and by consent of counsel was marked "Heard" on the docket, and later

was heard by Judge Henderson at his chambers at Bamberg, S. C. On May 23, 1940, his Honor filed an order granting the motion for new trial. From which order comes the appeal to this Court, predicated upon exceptions which are argued by appellants' counsel upon two grounds, viz.:

"I. Upon motion for a new trial on the minutes, was it proper for the trial Judge to consider the later discovered ground of alleged misconduct of the jury and to accept *ex parte* affidavits in support thereof, when neither the grounds nor the affidavits were served upon defendants' counsel before argument of the motion?

"II. Did his Honor, the trial Judge, err in holding that the alleged acts of the jury, when taken to view the scene of the accident, constituted an experiment and a taking of testimony, prejudicial to the plaintiff, warranting a new trial?"

The order of Judge Henderson will be reported here. It gives a clear history of the case which obviates the necessity of repeating the facts here.

We think the cardinal error of appellants' position lies in assuming that this is a motion made on after-discovered evidence.

At page 214, 46 Corpus Juris, this occurs: "There is no instance of a new trial granted for matters subsequent to the verdict save in the case of newly discovered evidence."

There is no fact of newly discovered evidence here. The facts upon which the motion is made were a part of the trial of the case. The alleged misconduct of the officers of the Court occurred when the jury was taken to the scene of the accident; this was by agreement of counsel. It is true that the attorneys and the Court did not know of it until later, but this case was still within the jurisdiction of the Court. It still had for consideration a motion on the minutes which was marked "Heard". Suppose the Court had proceeded to hear the motion then and there, when and where made? Could it be argued that the alleged misconduct of the officers, could not be brought to

its attention, and that such alleged misconduct would not be considered as a part of the proceedings of the trial? We think there can be no doubt of the correctness of this position. Moreover, we think that the appellants are not now in position to make this plea. At the hearing of the motion at chambers, appellants' counsel objected to the affidavits being accepted by his Honor on the ground that he had not been served with copies of them. His Honor received the affidavits, but granted to counsel thirty days in which to reply to them and to file argument. Counsel accepted this grant of leave to the extent of filing a brief, but did not file any affidavits in reply to those offered by the respondent.

It will be observed that appellants have not charged by exception or argument that the trial Judge abused his discretion in the premises. Doubtless, counsel recognized that the granting of the motion was within the discretion of the trial Judge and realized that there was no ground upon which to allege an abuse thereof. We think the discretion of his Honor was wisely exercised.

The order appealed from is affirmed. It will be reported.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES, and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.