17052

TOM RAY JACKS, Appellant, v. C. P. TOWNSEND, MRS. C. P. TOWNSEND and One 1950 DeSoto, carrying S. C. License No. E-32575, Respondents

(88 S. E. (2d) 776)

*Messrs. W. Paul Culbertson* and *Marshall W. Abercrombie,* of Laurens, *for Appellant,*

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, *for Respondents,*

August 10, 1955.

Legge, Justice.

This is an action for damages alleged to have been sustained by the plaintiff in an automobile accident caused by the negligence and wilfulness of the defendant Mrs. C. P. Townsend in stopping her codefendant's automobile on a paved highway just over the crest of a hill, as the result of which the plaintiff, driving up and over the hill, was suddenly forced to turn abruptly to the left to avoid a collision, and his car, skidding on the wet pavement, struck an em-

bankment on the left of the road. Defendants' answer pleaded a general denial and contributory negligence and wilfulness.

Just before closing his case, plaintiff's counsel stated that he wished "to introduce the scene of the accident into evidence", whereupon the trial judge indicated that that matter should be taken up later. At the conclusion of the testimony on behalf of the plaintiff, the court, on motion of defendants' counsel, directed a verdict in favor of the defendants upon the ground that the only reasonable inference to be drawn from the testimony offered by the plaintiff was that he was guilty of contributory negligence and wilfulness. Plaintiff now appeals, contending that the trial judge was in error:

(a) In ruling that under the evidence the plaintiff was guilty of contributory negligence and wilfulness as a matter of law (Exception No. 1);

(b) "In failing to view and in failing to take into consideration the scene of the accident" (Exception No. 2); and

(c) In directing the verdict before all of the testimony on both sides was in (Exception No. 3).

Exception No. 2 is without merit. The purpose of a jury view is to enable the jury better to understand the evidence that has been presented to them in the courtroom. It is not regarded as the taking of evidence. *Baroody v. Anderson,* 195 S. C. 422, 11 S. E. (2d) 860. Counsel's statement that he wished to "introduce into evidence" the scene of the accident, which was some two miles distant, was properly considered by the court as a request for a jury view. Under Section 38-302 of the 1952 Code, such request is addressed to the court's discretion. *Bodie v. Charleston & W. C. Ry. Co.,* 66 S. C. 302, 44 S. E. 943; *Rodgers v. Hodge,* 83 S. C. 569, 65 S. E. 819. No abuse of discretion has been charged, and none appears, in the present case. The exception under consideration implies that the trial judge himself should have viewed the scene of the acci-

dent; but no such request is revealed by the record. Had it been made, its granting or refusal would still have been discretionary with the trial judge.

Exception No. 3 must be sustained. We have consistently held that a motion for direction of a verdict cannot properly be made until all of the testimony on both sides is in. *McCown v. Muldrow,* 91 S. C. 523, 74 S. E. 386; *Cantor v. Reserve Loan Life Ins. Co.,* 161 S. C. 198, 159 S. E. 542; *Homestead Bank v. Best,* 174 S. C. 522, 178 S. E. 143; *Hunsucker v. State Highway Dept.,* 182 S. C. 441, 189 S. E. 652. In the instant case the motion was made and granted upon the close of plaintiff's case in chief, and without any announcement by the defendants that they would offer no evidence. The proper motion, if any, to have been made by the defendants at that time was for a nonsuit. *Dunbar v. Fant,* 170 S. C. 414, 170 S. E. 460, 90 A. L. R. 1412.

As the case must be retried, we shall not discuss the evidence beyond saying that, viewing it in the light most favorable to the plaintiff, we think that the learned trial judge should not have concluded from it that the plaintiff was guilty of contributory negligence and wilfulness as a matter of law, but should have left the determination of that issue to the jury.

Reversed and remanded for new trial.

STUKES, TAYLOR and OXNER, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.