## 17663

George Dean JOHNSON, Appellant, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent

(114 S. E. (2d) 591)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General, William H. Gibbes, Assistant Attorney General,* of Columbia, and *Means & Browne,* of Spartanburg, *for Respondent,*

June 1, 1960.

Moss, Justice.

George Dean Johnson, the appellant herein, owns a tract of land in Spartanburg County, containing 180 acres. The South Carolina State Highway Department, the respondent herein, instituted this condemnation proceeding by the service of a notice upon the appellant that it required a right of way over the above tract of land owned by the appellant, 300 feet in width and 2,650 feet in length, for Interstate Highway No. 26. The total acreage within this right of way was 18¾ acres. This proceeding was instituted pursuant to Section 33-122, of the 1952 Code of Laws of South Carolina, and the notice given was in conformity with Section 33-132 of the Code. The landowner appealed to the Court of Common Pleas for Spartanburg County from the award made by the condemnation Board, and the cause was heard *de novo,* pursuant to Section 33-139 of the Code, before the Honorable George T. Gregory, Jr., Presiding Judge, and a jury. A verdict was returned in favor of the appellant.

The appellant charges that the Trial Judge committed error in refusing to allow evidence that this Interstate High-

way was being financed by the use of funds from the United States Government.

The South Carolina State Highway Department was established as an administrative agency of the State Government, and "Its functions and purposes shall be the systematic planning, construction, maintenance and operation of the State highway system, * * *" Section 33-21 of the Code. Section 33-2 of the Code gives the assent of the State to Acts of Congress providing Federal aid for highways and related projects.

It is provided in Section 33-352, 1959 Cumulative Supplement to the Code, that:

"The Department may designate, establish, abandon, improve, construct, maintain and regulate controlled-access facilities as a part of the State Highway Primary System, National System of Interstate Highways and Federal-Aid Primary System whenever the Department determines that traffic conditions, present or future, justify such controlled-access facilities."

Section 33-352.3 of the Code provides that the State Highway Department may acquire such lands as may be needed for controlled-access facilities by condemnation in the same manner as may be authorized by law for acquiring property in connection with other State highways.

It is apparent from the foregoing statutes that the State Highway Department is the public agency on whom is conferred the power of condemnation. The statutory method provided by Sections 33-121 *et seq.,* of the 1952 Code, for condemnation of land for the construction of highways by the State Highway Department is exclusive. The power of condemning land for an Interstate Highway, even though partially financed through Federal aid, is conferred only on the State Highway Department.

We quote from 40 C. J. S., Highways, § 177, page 28, the following:

"The establishment and maintenance of highways over privately owned lands belongs primarily to the state authorities and not to the federal government, and the federal statutes relative to federal aid in the construction and maintenance of state roads have no effect on the power of state agencies to establish roads, but only come into play in connection with the contributions to be made by the federal government in money to aid in the construction and maintenance of the roads when and if they have been established."

In the case of *Gaston v. State Highway Department,* 134 S. C. 402, 132 S. E. 680, this Court held that the State Highway Department could use Federal Aid funds when available for highway construction.

The South Carolina State Highway Department was the sole and real party in interest in this condemnation proceeding, and it would have been improper to allow any evidence that the Federal Government was furnishing the money in connection with this highway project. The sole question for determination was what compensation, if any, was the appellant entitled to for the taking of his property for highway purposes. The source of the funds for the payment of the amount of the verdict in this case was not an issue in this trial.

The appellant charges that the Trial Judge committed error in permitting the jury to view the land in question.

The record shows that the respondent offered the premises in evidence and no objection was made by the appellant. Thereafter, the jury was sent to view the premises. Section 38-302 of the 1952 Code of Laws of South Carolina, provides:

"The jury in any case may, at the request of either party, be taken to view the place or premises in question or any property, matter or thing relating to the controversy between the parties when it appears to the court that such view is necessary to a just decision, * * *"

Under the foregoing statute, it is discretionary with ■ the Trial Judge whether he will allow the jury to view the place, and, in the absence of abuse of discretion, this Court will not interfere. *Rodgers v. Hodge,* 83 S. C. 569, 65 S. E. 819; *Moody v. Dillon Co.,* 210 S. C. 458, 43 S. E. (2d) 201; *Mace v. Berry et al.,* 225 S. C. 160, 81 S. E. (2d) 276; *Jacks v. Townsend et al.,* 228 S. C. 26, 88 S. E. (2d) 776, 778. In the last cited case, we said:

"* * * The purpose of a jury view is to enable the jury better to understand the evidence that has been presented to them in the courtroom. It is not regarded as the taking of evidence. *Baroody v. Anderson,* 195 S. C. 422, 11 S. E. (2d) 860. Counsel's statement that he wished to 'introduce into evidence' the scene of the accident, which was some two miles distant, was properly considered by the court as a request for a jury view. Under Section 38-302 of the 1952 Code, such request is addressed to the court's discretion. *Bodie v. Charleston & W. C. Ry. Co.,* 66 S. C. 302, 44 S. E. 943; *Rodgers v. Hodge,* 83 S. C. 569, 65 S. E. 819. No abuse of discretion has been charged, and none appears, in the present case. * * *"

When the respondent offered the premises for viewing ■ by the jury, the appellant made no objection.

When the testimony was completed and the Trial Judge was preparing to send the jury to view the premises, counsel for the appellant stated: "Of course, we have no objection to the jury going down there. I see no point in it. It has been described. I feel like I know it myself, but I have never seen it." It thus appears that the appellant voiced no real objection when the Trial Judge announced that he was sending the jury to view the premises in question. If the appellant had any real objection to the foregoing ruling of the Trial Judge, formal objection should have been made. *Norman v. Stevenson Theatres,* 159 S. C. 191, 156 S. E. 357. Since the appellant acquiesced and concurred with the ruling of the Trial Judge, it cannot now be made the ground

of an exception. *Davis v. Collins*, 69 S. C. 460, 48 S. E. 469.

We do not think there was any abuse of discretion on the part of the Trial Judge in sending the jury to view the premises in question, nor do we think any real objection thereto was made by the appellant. This exception is overruled.

The Trial Judge instructed the jury that the 1895 Constitution of this State, Article I, Section 17, provides that private property shall not be taken for public use without just compensation being first made therefor. He then fully instructed the jury as to how they could arrive at "just compensation". Included in this charge was an instruction in conformity with Sections 33-135 and 33-136 of the 1952 Code of Laws. The Trial Judge, at the request of the respondent, charged the jury as follows:

"If you find, and I do not mean to intimate any finding by the jury, but if you find that the landowner has suffered damages by the taking of part of his property which exceeds any benefits to the remaining property, if any, the property owner is only entitled to receive actual value for damage to property used in the public interest; the property owner cannot be allowed to make a profit at public expense."

The appellant duly excepted to so much of the foregoing charge as stated "the property owner cannot be allowed to make a profit at public expense." We think the charge to which the appellant excepted was erroneous. Whether or not the appellant was making a profit on the land being condemned was not an issue in this case. The question for determination was what was "just compensation" for the land taken. Sections 33-135 and 33-136 of the 1952 Code implement Article I, Section 17 of the Constitution by providing a method of ascertaining the amount of "just compensation" to which the landowner is entitled by reason of the taking of his property by a governmental agency. *Smith v. City of Greenville*, 229 S. C. 252, 92 S. E. (2d) 639. Section 33-135 of the Code prescribes that "only the actual value of the

land to be taken therefor and any special damages resulting therefrom shall be considered"; and Section 33-136 requires that "benefits to be derived by reason of the proposed road construction" shall be taken into consideration in determining the amount of compensation to which the landowner is entitled. We conclude that the question of whether the landowner was making a profit upon the acreage taken for public purposes should not have been submitted to the jury. The yardstick for determining "just compensation" is prescribed by the foregoing statutes. We conclude that it was error for the Trial Judge to instruct the jury as is contained in the charge to which exception was taken.

In view of the fact that this case must be sent back for a new trial, it becomes unnecessary for us to consider the other exceptions raised by the appellant.

Reversed and remanded for a new trial.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.