0618

The CITY OF COLUMBIA, Condemnor, Appellant v. Willie Mae JEN-NINGS, John W. Jennings, and P. Cornell Jennings, Respondents, South Carolina Electric and Gas Company, Condemnee.

(339 S. E. (2d) 534)

Court of Appeals

*Roy D. Bates, James S. Meggs,* and *Joseph Wettlin, Office of the City Atty.,* Columbia, *for appellant.*

*A. Camden Lewis,* of *Lewis, Babcock, Gregory & Pleicones,* and *W. Davies Merry, III,* Columbia, *for respondents.*

Heard Dec. 9, 1985.

Decided Jan. 23, 1986.

*Per Curiam:*

In this condemnation case, the City of Columbia appeals from a verdict in favor of the landowners, Willie Mae Jennings, John W. Jennings, and P. Cornell Jennings. The sole issue presented by the City's appeal is whether the trial judge committed reversible error in not allowing a jury view of the premises in question.

At the conclusion of its case, the City "offer[ed] the scene into evidence." The landowners made a similar offer, "if that is what your Honor wishes." The trial judge refused to send the jury to the condemned premises. He stated, "I think the subject property has been adequately demonstrated by the photographs and the video tape of it. I see nothing to be gained by sending the jury out to this property."

Section 14-7-1320 of the South Carolina Code of Laws (1976) provides in part:

> The jury in any case may, at the request of either party, be taken to view the place or premises in question ... when it appears to the court that such view is necessary to a just decision. ...

The purpose of a jury view is to enable the jury better to understand the evidence presented in the courtoom. *Jacks v. Townsend,* 228 S. C. 26, 88 S. E. (2d) 776 (1955). Viewing the premises is not regarded as the taking of evidence. *Baroody*

*v. Anderson,* 195 S. C. 422, 11 S. E. (2d) 860 (1940). Under Section 14-7-1320, a request to allow the jury to view the place in controversy is addressed to the discretion of the trial judge. *Moody v. Dillon Co.,* 210 S. C. 458, 43 S. E. (2d) 201 (1947). The exercise of a trial judge's discretion in this regard will not be reversed on appeal absent an abuse of discretion. *Johnson v. South Carolina State Highway Dept.,* 236 S. C. 424, 114 S. E. (2d) 591 (1960).

No abuse of discretion appears in the present case. The testimony and the exhibits, which included, among other things, several photographs, a video tape, a plat, and a topographical map, sufficiently described the "scene." Thus, a jury view was not necessary to a "just decision" in this case.

Affirmed.