1894

Mary Lou STURKIE, Appellant v. James W. CONSTANCE and Marcia H. Constance, Respondents.

(424 S.E. (2d) 545)

Court of Appeals

*K. Douglas Thornton,* of *The Thornton Law Firm,* George-town, *for appellant.*

*Phillip Luke Hughes, L. Sidney Connor, IV,* and *Susan Pardue,* Myrtle Beach, *for respondents.*

Heard Sept. 15, 1992.

Decided Nov. 16, 1992.

SHAW, Judge:

Mary Lou Sturkie brought this action against Mr. and Mrs. Constance for injuries she received from a fall in the Constances' home. Following a jury verdict for the Constances, Mrs. Sturkie appeals. We affirm.

The issues before us on appeal are whether the trial judge erred in refusing Mrs. Sturkie's motion for a jury view of the accident scene and whether he erred in admitting into evidence the rug upon which Mrs. Sturkie allegedly slipped in light of the denial of the motion for a jury view.

The record reveals the following. On December 23,1988, Mrs. Sturkie arrived at Chicora Wood Plantation House, owned by Mr. and Mrs. Constance, in order to clean the house prior to a Christmas party being held by the Constances for those who had helped in the restoration of the home. At that time, Mrs. Sturkie was a self-employed house cleaner and had been cleaning this home twice a week since 1985. Although she was invited to the Christmas party, Mrs. Sturkie arrived early to clean, as it was a regular cleaning day. Mrs. Sturkie testified she was walking through one of the bedrooms when she stepped on the corner of the rug, which slipped, and she fell, injuring herself.

Mrs. Sturkie made a motion for a jury view of the premises

where the fall occurred. She further objected to the introduction of the rug absent a jury view arguing the combination of the rug and the hard wood floor was "a critical operative fact." The trial judge denied the motion for the jury view. He further admitted the rug into evidence, but ruled he would not let it be spread out on the carpeted floor and was only letting it in for the purpose of showing the rubber edging on the border as described by Mr. Constance. The trial judge instructed the jury they could view the rug but could not unroll it or conduct any experiments with it.

On appeal, Mrs. Sturkie contends the trial judge erred in denying her motion for a jury view and in admitting the rug into evidence. She argues the jury's inability to view the premises created an "unrealistic impression of the conditions which spawned [her] injuries."

S.C. Code Ann. § 14-7-1320 (1976) provides as follows:

> The jury in any case may, at the request of either party, be taken to view the place or premises in question or any property, matter or thing relating to the controversy between the parties when it appears to the court that such view is necessary to a just decision, if the party making the motion advances a sum sufficient to pay the actual expenses of the jury and the officers who attend them in taking the view, which shall be afterwards taxed like other legal costs if the party who advanced them prevails in the suit.

A motion for the jury to view the premises in controversy is addressed to the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion, *City of Columbia v. Jennings*, 288 S.C. 79, 339 S.E. (2d) 534 (Ct. App. 1986).

In the case at hand, several photographs of the scene were admitted into evidence. Further, appellant introduced evidence that the hardwood floors were "slick" and the rugs in the home tended to slip on the floors. The fact that respondents may have introduced evidence to the contrary does not necessitate a viewing of the premises by the jury. We find the appellant has failed to show an abuse of discretion in the trial judge's denial of the jury view. We further note that the admission of the rug into evidence was within

the sound discretion of the trial judge and, likewise, find no abuse of that discretion, especially in light of the limitations placed on it and instructions given to the jury.

Affirmed.

BELL and CURETON, JJ., concur.