# CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY CO. ET AL. v. UNITED STATES ET AL.

No. 482.   Argued March 8, 1944.—Decided April 10, 1944.

*Mr. Amos M. Mathews,* with whom *Mr. Warren Newcome* was on the brief, for appellants.

1

2

*Mr. Nelson Thomas*, with whom *Solicitor General Fahy* and *Messrs. Walter J. Cummings, Jr.* and *Daniel W. Knowlton* were on the brief, for the United States et al.; *Mr. Perry R. Moore*, with whom *Mr. Frederick H. Stinchfield* was on the brief, for Cornelius W. Styer; and *Mr. Fred W. Putnam* for the Glendenning Motorways, Inc.,— appellees.

MR. JUSTICE JACKSON delivered the opinion of the Court.

Appellants are five railroads operating in Minnesota and North Dakota. They claim to be aggrieved by an order of the Interstate Commerce Commission granting operating authority to a motor carrier of goods in that territory. Appellee Cornelius' Styer, doing business as Northern Transportation Company, made application for two classes of common-carrier rights. As to certain routes he sought "grandfather rights" under § 206 (a) of Part II of the Interstate Commerce Act, 49 U. S. C. § 306 (a). As to certain others, he sought authority under §§ 206 (a) and 207 (a) of the Act, 49 U. S. C. §§ 306 (a), 307 (a), by showing that the proposed service "is or will be required by the present or future public convenience and necessity." After due hearings both classes of rights were granted. Styer later transferred them to the appellee Glendenning Motorways, Inc.

The railroads brought an action in the District Court for Minnesota against the Commission and the carriers to annul the Commission's certificate, pursuant to 28 U. S. C. § 41 (28). The cause came on before a court of three judges who dismissed the complaint on the merits. It was brought here by direct appeal.

It is contended that there is no evidence to support the findings on which the Commission granted operating rights. The court below examined the evidence as to each challenged finding and found each "not unsupported by

evidence." It declined, quite properly, to substitute inferences of its own for those drawn by the Commission from testimony and declined to weigh anew conflicts in it. This was no error, and we affirm the findings. *Gregg Cartage & Storage Co.* v. *United States,* 316 U. S. 74; *Rochester Telephone Corp.* v. *United States,* 307 U. S. 125.

The question of law in the case is whether the Commission on its finding need for such service had power to authorize service of intermediate points not asked for by the applicant. The applicant has accepted and is defending the grant, but the competing rail carriers complain of it.

In the grandfather case Styer stated that he did not claim and was not applying for authority to carry goods in interstate commerce from any Minnesota point to any Minnesota point. But he had begun operations only two months prior to the "grandfather" date. The Commission found that he had held out service to such intermediate points and that there was public need for it.

In the convenience and necessity case, before hearing Styer filed an amendment to his application which withdrew request for authority as to "all service in interstate commerce between points in Minnesota." The Commission, however, found that he had served such intermediate points on the route as shippers had requested it, that such service was fulfilling a public need, and was required by the public convenience and necessity.

It is said that these actions withdrew the intermediate points from issue and threw the protesting parties off their guard and that they did not have opportunity for adequate hearing on the matters ultimately decided. However, after receiving the report of Division 5 recommending granting, as was done, the railroads filed a petition for reconsideration. It is not in evidence. Whether surprise was claimed and evidence was indicated that could

be added on rehearing, we do not know. The Court endeavors to protect the right of parties to fair hearings, but it will not presume that their rights have been substantially denied when they do not embrace the opportunity to prove their grievance in the court below.

It is clear that the Commission on the facts found had power to include in the authorization provision for service greater than the carrier had asked. Section 208 (a) of the Act provides that in any certificate issued under either § 206 or § 207 "there shall, at the time of issuance and from time to time thereafter, be attached to the exercise of the privileges granted by the certificate such reasonable terms, conditions, and limitations as the public convenience and necessity may from time to time require, including terms, conditions, and limitations as to the extension of the route or routes of the carrier." 49 U. S. C. § 308 (a).

*Judgment affirmed.*