16507

LEE v. BERRY *ET AL.*
(65 S. E. (2d) 257)

*Messrs. Neil Brooks, Associate Solicitor, U. S. Dept. of Agriculture,* of Washington, D. C., *Ben Scott Whaley, U. S. Attorney,* of Charleston, *Russell D. Miller, Ass't U. S. Attorney,* of Florence, and *Jesse G. Ball, Jr., Attorney, U. S. Dept. of Agriculture,* of Washington, D. C., *for Appellants,*

348

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent,*

*Messrs. Neil Brooks, Associate Solicitor, U. S. Dept. of Agriculture,* of Washington, D. C., *Ben Scott Whaley, U. S. Attorney,* of Charleston, *Russell D. Miller, Ass't U. S. Attorney,* of Florence, and *Messrs. John C. Bagwell, Attorney, U. S. Dept. of Agriculture,* and *Kenneth R. Ellenberger, Attorney, U. S. Dept. of Agriculture,* of Washington, D. C., *on the Brief, for Appellants, in Reply,*

May 21, 1951.

TAYLOR, Justice.

According to the agreed statement the respondent, owner of a farm in Florence County, South Carolina, for which a 1949 tobacco acreage of 20.0 acres had been established, leased in January of that year approximately 21 acres of cropland to a tenant named Jordan, it being understood that no part of the tobacco acreage allotment for the respondent's farm would go to Jordan. In the summer of 1949 the Florence County Committee apportioned the 20-acre allotment previously established for the respondent's farm and established an allotment of 17.3 acres for the part of the land operated by the respondent and an allotment of 2.7 acres for the part of the land leased to the tenant Jordan. The respondent appealed from the action of the County Committee to the Review Committee, and the Review Committee affirmed the action of the County Committee. Respondent asked under the provisions of sections 361-368 of the Agricultural Adjustment Act of 1938, 52 Stat. 62-64, as amended, 7 U. S. C. 1361-1368, 7 U. S. C. A. §§ 1361-1368, that the decisions of the Review Committee and the County Committee be reversed and that the tobacco acreage allotment for his farm be established at 20 acres.

The answer of the appellants admits, in substance. the apportionment of the tobacco acreage allotment by the County Committee, the appeal therefrom by the respondent to the Review Committee, and the affirmance by the Review Committee of the County Committee's apportionment. The answer alleges that the respondent's farm was operated in 1949 as two farms, that the respondent had no interest in the crops grown by the tenant Jordan, and that the apportionment of the tobacco acreage allotment between the two farms was made in accordance with the provisions of the regulations of the Secretary of Agriculture.

The case was heard by Honorable G. Badger Baker, Resident Judge of the Twelfth Judicial Circuit, in his chambers in Florence, South Carolina, upon the record certified by the clerk of the Review Committee and filed in the office of the Clerk of Court for Florence County. Judge Baker, by

an order dated December 29, 1949, held, in substance, that the Review Committee and the County Committee erred in apportioning the 1949 tobacco acreage allotment for the respondent's farm between the land operated by the respondent and the land operated by the tenant Jordan, and that the allotment for the land operated by the respondent should be 20 acres.

Appellants now come to this Court upon exceptions which present the question of whether or not the Agricultural Adjustment Act of 1938, as amended, and the regulations issued thereunder require the 1949 tobacco acreage allotment established for the respondent's farm to be apportioned between that portion of the farm operated by respondent and that operated by the lessee.

By a written lease dated January 1, 1949, respondent leased approximately 21 acres of his farm to a nephew named Jordan. The lease was for a period of one year and continues from year to year thereafter until notice of termination is given by either party, the lessee to "occupy and use" the premises for "agricultural and related purposes." It was expressly stated in the lease that he could plant approximately 10 acres of cotton, three acres of pepper and eight acres of corn. No mention was made of tobacco.

During the summer of 1949 the lessee Jordan applied to the County Committee for an apportionment between his land and that of respondent of the tobacco acreage allotment which had been previously established on the whole of respondent's farm. The County Committee concluded that the farm was being operated as two farms and proceeded to make such apportionment. Respondent appealed to the Review Committee contending that no apportionment should be made because an agreement had been entered into between him and the lessee to the effect that no tobacco was to be planted thereon. The Review Committee affirmed the action of the County Committee and respondent appealed to the Court of Common Pleas for Florence County.

Section 725.521(a) of the regulations (13 F. R. 4813) of the Secretary of Agriculture, issued pursuant to section 375(b) of the Act, 7 U. S. C. 1375(b), 7 U. S. C. A. § 1375(b), provides that whenever land which was operated as a single farm in 1948 was to be operated in 1949 as two or more farms, the 1949 tobacco acreage allotment previously determined or that otherwise would have been determined for the entire farm shall be apportioned among the two or more farms in a prescribed manner, said regulations being published in 13 F. R. 4813 and set forth in the Code of Federal Regulations (7 C. F. R. 725.521), the relevant section of which appears as follows: "Section 725.521—Farms subdivided or combined. (a) If land operated as a single farm in 1948 will be operated in 1949 as two or more farms, the 1949 tobacco acreage allotment determined or which otherwise would have been determined for the entire farm shall be apportioned among the tracts in the same proportion as the acreage of cropland suitable for the production of tobacco in each such tract in such year bore to the total number of acres of cropland suitable for the production of tobacco on the entire farm in such year, except that if the farm to be subdivided in 1949 resulted from a combination of two separate and distinct farms prior to a combination in 1944 or any subsequent year, the allotment may be divided among such farms in the same proportion that each contributed to the farm acreage allotments. Provided, That with the recommendation of the county committee and approval of the State committee, the tobacco acreage allotment determined for a tract under the provisions of this paragraph may be increased or decreased by not more than the larger of one-tenth acre or 10 percent of the 1949 acreage allotment determined for the entire farm with corresponding increases or decreases made in the acreage allotment apportioned to the other tract or tracts."

It is explicit that the acreage allotment is made to the farm and not the person who owns or operates the farm and therefore runs with the land. The state acreage allotment is

determined and assigned the farms in the state in relation to the past acreage of the tobacco planted on the land. The cropland which respondent leased to Jordan was under Jordan's control and he had no interest in the proceeds of the crop raised thereon, he having been paid the cash rental of $150.00. He at no time exercised any control thereon and only visited the site late in the crop year. He testified that he at no time intended to relinquish any of his tobacco allotment but intended to and did plant the full allotment on that portion of the farm which he retained to himself, that he had no knowledge that Jordan had applied for an apportionment and was not aware that he had planted tobacco until a very short time before it was gathered. He stated that his purpose for leasing the property was to enable Jordan (his nephew) to qualify for certain benefits through the Federal Government which were available to veterans. However, the lease shows that the property was to be occupied and used for "agricultural purposes."

This Court is limited in its scope of inquiry to questions of law and is bound by the findings of fact as determined by the fact-finding body (in this case the committee) if there is any competent evidence to support such findings. The law applicable to this case is similar in its application to that in *Workmen's Compensation cases,* see *Buff v. Columbia Baking Company,* 215 S. C. 41, 53 S. E. (2d) 879; *Crenshaw v. Pendleton Manufacturing Company,* 215 S. C. 66, 54 S. E. (2d) 61, and is in line and consonant with the Federal decisions on such matters. *Merchants Warehouse Company v. United States,* 283 U. S. 501, 51 S. Ct. 505, 75 L. Ed. 1227; *Swayne & Hoyt Ltd. v. United States,* 300 U. S. 297, 57 S. Ct. 478, 81 L. Ed. 659; *National Labor Relations Board v. Waterman Steamship Company,* 309 U. S. 206, 60 S. Ct. 493, 84 L. Ed. 704; *Gray v. Powell,* 314 U. S. 402, 62 S. Ct. 326, 86 L. Ed. 301; *National Labor Relations Board v. Link-Belt Company,* 311 U. S. 584, 61 S. Ct. 358, 85 L. Ed. 368; *National Labor Relations Board v. Southern Bell T. &*

*T. Company,* 319 U. S. 50, 63 S. Ct. 905, 87 L. Ed. 1250; *Interstate Commerce Commission v Jersey City,* 322 U. S. 503, 64 S. Ct. 1129, 88 L. Ed. 1420; *Chicago, St. Paul, Minneapolis & Omaha Ry. Company v. United States,* 322 U. S. 1, 64 S. Ct. 842, 88 L. Ed. 1093; *United States v. Pierce Auto Freight Lines,* 327 U. S. 515, 66 S. Ct. 687, 90 L. Ed. 821; *Unemployment Compensation Commission v. Aragan,* 329 U. S. 143, 67 S. Ct. 245, 91 L. Ed. 136; *Cardillo v. Liberty Mutual Insurance Company,* 330 U. S. 469, 67 S. Ct. 801, 91 L. Ed. 1028; and *New York v. United States,* 331 U. S. 284, 67 S. Ct. 1207, 91 L. Ed. 1492; *Brady v. Southern Ry. Company,* 320 U. S. 476, 479, 64 S. Ct. 232, 88 L. Ed. 239; *Illinois Steel Company v. Baltimore & Ohio R. R. Company,* 320 U. S. 508, 510-511, 64 S. Ct. 322, 88 L. Ed. 259; *Sola Electric Company v. Jefferson Company,* 317 U. S. 173, 176, 63 S. Ct. 172, 87 L. Ed. 165; *Prudence Realization Corporation v. Geist,* 316 U. S. 89, 95, 62 S. Ct. 978, 86 L. Ed. 1293; *Chesapeake & Ohio Ry. Company v. Martin,* 283 U. S. 209, 213, 51 S. Ct. 453, 75 L. Ed. 983; and *Miller v. Atlantic Coast Line R. R. Company,* 90 S. C. 249, 259, 73 S. E. 71, 74, affirmed 231 U. S. 741, 34 S. Ct. 318, 58 L. Ed. 462.

We are of the opinion that there is a sufficiency of evidence in the record to support the findings of the committee and that the order of the Circuit Court should be reversed, and it is so ordered.

FISHBURNE and OXNER, JJ., and E. H. HENDERSON and STEVE C. GRIFFITH, Acting Associate Justices, concur. . .