39138.   HASTY *et al.* v. CARTER.

Decided November 29, 1961—Rehearing denied December 13, 1961.

*Linton B. West, Regional Attorney, Floyd M. Buford, U. S. Attorney, Truitt Smith, Assistant U. S. Attorney,* for plaintiffs in error.

*W. J. Crowe, Bob Reinhardt, R. B. Williamson,* contra.

PER CURIAM. Under the regulations of the Secretary of Agriculture in effect at the time, the record owner of the farm in question, E. B. Hamilton, was entitled to the acreage allotment which he applied for and obtained. Carter would not have been eligible at that time to have applied for and obtained a tobacco acreage allotment. Carter had owned the farm prior to transferring the title to Hamilton in 1956, and title was reconveyed to Carter in November 1957. Based on these and other facts, the review committee found that Hamilton was not the owner of the farm in January 1957, when he made application for the allotment; that the sale bore characteristics which they apparently considered indicia of fraud, and that Carter had attempted before transferring title to Hamilton to get another farmer to operate the farm through a false sale agreement. From these conclusions, and statements contained in the brief of counsel for the plaintiff in error, it is obvious that the retroactive cancellation of the allotment is based on the premise that the committee has an inherent power to cancel any allotment made as a result of false information or fraud, and to make such cancellation retroactive.

This court is limited, as was the superior court, in its scope of inquiry to questions of law and is bound by the findings of fact as determined by the committee, if there is any competent evidence to support such findings. Lee v. Berry, 219 S.C. 346, 352 (65 SE2d 257); Crolley v. Tatton, 249 F2d 908; Review Committee v. Willey, 275 F2d 264, 273. Administrative bodies, such as the committees here dealt with, are the creatures of statute and have only such authority as is granted them by the statute. Neither they in the first instance nor the appellate courts on appeal can by construction extend their jurisdiction beyond the limits set by the statute. After the order of an administrative body has become final, it cannot, in the absence of authority granted by the statute or under proper regulations pursuant thereto, set aside its orders retroactively, even for fraud in their procurement. *Simpson v. Liberty Mutual Ins. Co.*, 99 Ga. App. 629, 635 (109 SE2d 876).

Nothing in the Agricultural Adjustment Act nor the regulations of the Secretary of Agriculture gives any such authority

to either the county committee or the review committee. The whole intent of the law is prospective in effect, for its purpose is to prevent overproduction and control orderly marketing of the commodities in question. 7 U.S.C.A. §§ 1311, 1314; Usher v. U.S., 146 F2d 369 (2); U.S. v. Lynn, 132 F. Supp. 605. Acreage allotments and marketing quotas based thereon can only have such effect as applied to future crop years. The statutes and regulations granting authority to the committee to change crop quotas are all prospective in effect. See 7 U.S.C.A. § 1313 (g) ; 7 C.F.R. § 719.4

The penalty provisions of 7 U.S.C.A. § 1314 relate to crops marketed in excess of the quota in effect at the time the marketing is done, or to the crops marketed which are unaccounted for or are falsely identified. They do not seek to penalize the producer for obtaining an allotment by reason of false or erroneous information. The penalty provisions are subject to strict construction. U. S. v. Whittle, 190 F. Supp. 826, affirmed 287 F2d 638. The Government has other means at hand to punish these acts without extending the clear meaning of this part of the statute.

The judgment of the superior court reversing the determination of the review committee insofar as such determination had a retroactive effect is without error.

*Judgment affirmed. Carlisle, P.J., Eberhardt and Custer, JJ., concur.*