## 20986

Richia Elizabeth ATKINSON, formerly Richia A. Barloga, Appellant, v. William S. BELSER, Respondent.

(255 S. E. (2d) 852)

*John B. Thomas,* Charleston, *for appellant.*

*D. Reece Williams, III,* and *Daniel T. Brailsford,* Columbia, *for respondent.*

June 13, 1979.

NESS, Justice:

This is an action to set aside three conveyances by appellant Atkinson to respondent Belser on the ground they were procured through fraud, undue influence, and without adequate consideration. The master and the trial court concluded the conveyances were valid. We affirm.

In an equity matter, where the findings of fact by the master are concurred in by the trial judge, they will not be disturbed by this Court unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We conclude ample evidence exists to support the findings of the master and the trial court that respondent never exerted any undue influence over appellant and that adequate consideration was given in each of the disputed transfers.[1]

Appellant and respondent shared a social and business relationship from 1965 to 1970. Although appellant testified she was under the impression Belser wanted to marry her, she was married to two other men during that period, and, by her own admission, Belser never proposed to her.

Appellant was a licensed real estate broker for over ten years, and both the master and the trial judge found she presented proposed sales to respondent, and that the transactions were always on her terms. The master summarized the parties' real estate transfers as follows:

"(a) March, 1967—Plaintiff deeded a lot and house at 4101 Kilbourne Road to Defendant for which she received a one-half interest in a lot and house at 1905 Flat Shoals Road in Atlanta, Georgia. Defendant also assumed the mortgage on the Kilbourne Road property, on which a balance of around $20,000.00 was due.

"(b) September 25, 1967—Plaintiff deeded a one-fourth interest in a 68.3 acre tract on Bluff Road to Defendant in return for the remaining ½ interest in the Atlanta, Georgia property which Defendant owned.

"(c) October 14. 1969—Plaintiff deeded an additional one-fourth interest in the Bluff Road property to Defendant for a consideration of $500.00 and 'affection I bear for William States Belser.'

---

[1] At trial, appellant apparently abandoned her attempt to prove the elements of fraud.

"(d) October 20, 1969—Plaintiff deeded an undivided one-half interest in a house and lot at 1819 Pendleton Street to Defendant for a consideration of $5,000.00 and assumption by Defendant of a $20,000.00 mortgage.

"(e) October 13, 1969—Plaintiff deeded an undivided one-half interest to Defendant in a lot and building at 2509 Millwood Avenue for a consideration of $1,000.00.

"(f) May 19, 1970—Plaintiff deeded the remaining one-half interest owned by her in the Millwood Avenue property to Defendant in return for Defendant's reconveying the one-half interest in the Pendleton Street property. Upon reconveyances, Plaintiff assumed the $20,000.00 mortgage on the property." (Tr. pages 17-19).

Appellant claims Belser took advantage of her weakened mental condition by exerting undue influence over her in order to acquire her property for insufficient consideration. We concur with both judges that this assertion is not borne out by the record.

In order to warrant the cancellation of a deed on the basis of the grantor's mental incapacity, it must appear that the grantor was so incompetent as to fail to comprehend the nature of his act. *Vereen v. Bell,* 256 S. C. 249, 182 S. E. (2d) 296 (1971); *Schenck v. Going,* 237 F. (2d) 251 (4th Cir. 1956).

While it is true appellant has had psychiatric care for her emotional "ups and downs," the testimony was overwhelming that she is a strong-willed woman who is not easily influenced. Moreover, as a licensed real estate broker and a dealer in antiques, appellant was no stranger to the business world.

A deed which is regular on its face is clothed with a presumption of validity. *Grant v. Hudson,* 192 S. C. 394, 7 S. E. (2d) 2 (1940); *Avant v. Johnson,* 231 S. C. 119, 97 S. E. (2d) 396 (1957). In order to

overcome this presumption, a grantor claiming his will was overborne must meet a substantial burden:

"Generally, in order to justify the setting aside of a deed on the ground of undue influence, it must be shown that the grantor was unquestionably susceptible to undue influence as a result of old age, mental weakness, or some other cause, and there must be some clear evidence of opportunity and disposition on the part of the grantee or someone in his behalf to exercise such influence." *Page v. Lewis,* 209 S. C. 212, 228-239, 39 S. E. (2d) 787, 799 (1946).

The consideration given by respondent for each transfer, though possibly not full, was legally sufficient. Even assuming without deciding it was inadequate, where a grantor fails to establish that fraud or undue influence was exercised to obtain a conveyance, mere inadequacy of consideration will not justify the cancellation of a deed. *Avant v. Johnson, supra.* Inadequate consideration is not a ground for rescission of a deed unless it is "so palpably disproportioned to the real and market value of the property as to constitute an unconscionable contract." *Holly Hill Lumber Co., Inc. v. McCoy,* 201 S. C. 427, 445, 23 S. E. (2d) 372, 380 (1942).

We conclude appellant failed to establish that respondent exerted undue influence over her to obtain her property for inadequate consideration.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.