0341

Louise L. HEMINGWAY, Daphine L. Vereen, Geraldine L. Rogers, Sonny Boy Livingston, John T. Livingston, Macie Livingston, Jessie James Livingston, Alene Livingston Broadwater, Christine Livingston Grissett, Jesse Livingston, Brenda Livingston Green, Plaintiffs-Appellants, v. James E. SMALL, Mrs. Daisy Mae Small, Mrs. Carrie Livingston, Dorothy Livingston, Willie James Livingston, Eugene Livingston, Albert Livingston, Mazie Livingston, Rutha Livingston, Joyce Ann Livingston, Mickie Livingston, Mrs. Christine Mack, Little Boy Livingston, and all persons herein collectively designated as John Doe and Mary Roe, representing unknown heirs at law and devisees and all other persons claiming by, through or under the above estate born or unborn, and all other persons having an interest in or claim upon the property described herein, Defendants, Of whom: James E. Small is Defendant-Respondent and Mrs. Carrie Livingston is Defendant-Appellant.

(324 S. E. (2d) 335)

Court of Appeals

William V. Josephs, Jr., Loris, *for plaintiffs-appellants.*

Cross, Singleton & Burroughs, P.A., Conway, *for defendant-appellant.*

Stevens, Stevens, Thomas, Hearn & Hearn, P.A., Loris, *for defendant-respondent.*

Heard Oct. 22, 1984.

Decided Dec. 17, 1984.

SHAW, Judge:

Appellants Carrie Livingston and a group of her husband's heirs brought this action to invalidate a deed held by respondent James E. Small and to impose a constructive trust. A master in equity concluded the deed was invalid and a constructive trust was created. The trial court, however, held the deed was valid and no implied trust had arisen. We affirm the trial court.

When masters in equity and trial courts disagree on findings of fact, this court can make findings in accordance with its view of the preponderant evidence. *Townes Associates Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 776 (1976).

By deed dated October 10, 1975, and recorded February 10, 1976, James A. Livingston conveyed his sixty-nine acres of real property to Small, one of his sons-in-law. Mr. Livingston died on March 27, 1976. The consideration recited in the deed was seven thousand dollars; the property contained farmland — much of which was rented for cash to tobacco growers — timberland, and the Livingstons' home.

I.

Mrs. Livingston first argues the deed should be set aside on the basis of undue influence. "Generally in order to justify the setting aside of a deed on the ground of undue influence [1] it must be shown that the grantor was unquestionably susceptible to undue influence as a result of old age, mental weakness, or some other cause, and [2] there must be some clear evidence of opportunity and disposition on the part of the grantee or someone in his behalf to exercise such influence." *Page v. Lewis,* 209 S. C. 212, 39 S. E. (2d) 787, 799 (1946).

Regarding susceptibility, Mrs. Livingston contends her husband was subject to undue influence because he was ill when the deed was executed. However, at the master's hearing, Mrs. Livingston's testimony was to the contrary:

Q. What was the state of his health in October of 1975?
A. Well, he was in pretty good health, real good health, and he started getting sick around November. I think it was in November.
Q. All right. And how did his sickness progress?
A. He kind of had a hurting that followed him, you know, in his chest. And then, from that, he had a stroke.

Therefore, we find Mr. Livingston was not susceptible to undue influence due to illness on the date he signed the deed.

Regarding opportunity and disposition, Mrs. Livingston contends Small could exercise undue influence because he had business experience and her husband had only a sixth grade education. We find opportunity and disposition have not been shown because the record reveals Mr. Livingston had business experience also — he was experienced in operating a small store and renting land.

## II.

Mrs. Livingston argues next the deed should be set aside on the ground of inadequate consideration. She makes two points: (1) Small paid Mr. Livingston nothing, and (2) even if Small paid seven thousand dollars, it was inadequate.

To support Mrs. Livingston's first position some of Mr. Livingston's children testified they detected no change in his lifestyle after the deed was executed and his banker testified no substantial amounts were deposited after the execution. However, the testimony that goes to the heart of the matter refutes his position: the attorney who prepared the deed testified he received from Small and passed on to Mr. Livingston seven thousand dollars cash. Therefore, we cannot find Small paid Mr. Livingston nothing.

To support Mrs. Livingston's position that seven thousand dollars was inadequate, Golden Legette testified the land was worth between one thousand two hundred and one thousand five hundred dollars per acre. On cross-examination, however, Legette revealed he had almost no experience appraising real estate and he had never been to the Livingston farm. We hold Legette's testimony does not establish valuation because "[a] bare declaration [by a witness who does not own the property in question] of his knowledge of the value of the proeprty is insufficient."

*Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743, 746 (Ct. App. 1984). We also hold no other witness gave competent testimony of the value of Livingston's land, even though evidence regarding valuation is crucial to invalidate a deed. "Inadequate consideration is not ground for rescission of a deed unless it is 'so palpably disproportionate to the real and market value of the property as to constitute an unconscionable contract.' *Atkinson v. Belser,* 273 S. C. 296, 255 S. E. (2d) 852, 855 (1979).

Counsel for Mrs. Livingston requested us to take appellate judicial notice of the value of Mr. Livingston's land. However, "[o]riginal judicial notice of adjudicative findings at the appellate level should be limited to matters which are indisputable." *Masters v. Stevenson,* 321 S. E. (2d) 194 (S. C. App. 1984). The value of the Livingstons' land is not indisputable matter because shortly before executing Small's deed, Mr. Livingston sold tracts of two to four acres to certain of his children for "five dollars, love and affection." Even if the record contained evidence or we could take notice Mr. Livingston's land was worth more, we could not set the deed aside on that basis alone. The Supreme Court has held inadequate consideration without more does not suffice to set aside a transaction; inadequate consideration is important only in connection with other factors such as undue influence. *Owens v. Sweat,* 227 S. C. 112, 83 S. E. (2d) 886, 887 (1955).

### III.

Mrs. Livingston's final argument is her husband gave his land to Small in trust for the Livingston children.

A constructive trust arises when (1) the grantee promises to hold land for a specific purpose, (2) the grantor conveys title, (3) the grantee breaches, and (4) "there is some element of fraud or bad faith which makes it inequitable that the grantee should hold the title absolutely." *All v. Prillaman,* 200 S. C. 279, 20 S. E. (2d) 741, 749-750 (1942). These elements of a constructive trust must be established by "evidence which is clear, definite, unequivocal, and convincing." *Baptist Foundation for Christian Education v. Baptist College,* S. C., 317 S. E. (2d) 453, 458 (Ct. App. 1984).

Regarding the first element, Mrs. Livingston testified ▮ Small told her he would "be a guardian over the farm" and "he would see that everyone that was entitled ... to a portion of the rent of the farm ... got their part." Mrs. Livingston's testimony is supported by two daughters, one son, one stepson, and one friend. We hold Mrs. Livingston has not established by clear and convincing evidence that Small promised to hold the land for a specific purpose when the only relevant evidence in the record is the conflicting testimony of interested parties. We need not reach the question whether Mrs. Livingston proved the remaining elements of a constructive trust.

Affirmed.

CURETON and GOOLSBY, JJ., concur.