### 0543

W. L. TODD, Appellant, BULLARD FUNERAL HOME, INC., South Carolina Tax Commission, The South Carolina National Bank, Defendants, of whom: Bullard Funeral Home, Inc., is Respondent. Appeal of BULLARD FUNERAL HOME, INC.

(334 S. E. (2d) 524)

Court of Appeals

*Bradley D. King* and *Henrietta U. Golding* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*Larry E. Gates, Jr.,* and *E. Windell McCrackin* of *McCrackin & Barnett,* Myrtle Beach, *for respondent.*

Heard May 21, 1985.

Decided Aug. 26, 1985.

SHAW, Judge:

Appellant W. L. Todd brought this action to foreclose on a mortgage securing a promissory note of respondent Bullard Funeral Home. The case was referred to the master in equity to make findings of fact and report his recommendations to the circuit court. The master found Todd made loans to Bullard between April and December, 1981, totalling $60,000, and recommended entering judgment of foreclosure for that amount. However, based on its own assessment of the credibility of the witness testimony, the circuit court entered judgment for $50,000. The master also recommended setting attorney's fees at $6,000; however, the court awarded $4,000. We reverse and remand.

When masters and trial courts disagree on facts, this court can make findings based on its own view of the weight of the evidence. *Hemingway v. Small,* 42 S. C. 284, 324 S. E. (2d) 335, 337 (Ct. App. 1984).

Based on witness testimony and documentary evidence, the master found the promissory note covered $60,000 in advances from Todd to Bullard. Bullard concedes $50,000 of this amount was actually advanced. As to the remaining $10,000 in dispute, the master accepted Todd's testimony be made two undocumented cash loans of $5,000 each in April and June, 1981. However, the circuit court rejected Todd's testimony as "not believable," finding Bullard's "far more credible."

Both parties presented evidence to sustain their contentions regarding the disputed $10,000. The factual question is admittedly close. In the face of such sharply conflicting testimony, the credibility of the witnesses is a key factor in the resolution of the issue. Since only the master had the benefit of observing the demeanor and assessing the veracity of the witnesses, and since his finding is supported in the record, it was inappropriate for the circuit court to substitute its judgment of credibility for that of the master. *See Segars v. Segars,* 279 S. C. 564, 310 S. E. (2d) 156, 158 (Ct. App. 1983). Accordingly, we reverse the finding of the circuit court that the note covered actual advances of $50,000 and reinstate the master's finding the amount advanced was $60,000.

The note states if it is collected under foreclosure proceedings "15% of the full amount due … shall be added … as attorney's fees." The circuit court disregarded the master's recommended attorney's fee, finding, "[T]he additional time and expense has been partially brought about by the plaintiff in the way he dealt with defendant." This finding is not supported in the record. Therefore, we hold the master's recommended fee of $6,000 is the appropriate fee to be awarded.

Reversed and remanded.

BELL and CURETON, JJ., concur.