THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Georgia Christine F. Howard and the Estate of Leland B. Finklea, Appellants,
 
 
 

v.

 
 
 
 Derrell Lawayne Cox, Respondent.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-533
Heard September 13, 2005  Filed September 29, 2005

AFFIRMED

 
 
 
 J. Rene Josey, of Florence, for Appellants. 
 John Murdock Prosser, Jr., of Johnsonville and Mark W. Buyck, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  Georgia Christine F. Howard and the Estate of Leland Finklea appeal the grant of summary judgment to Derrell Lawayne Cox on their claims for rescission and unjust enrichment.  We affirm. 
FACTS

In 2000, Leland Finklea and his daughter, Georgia Howard, contracted to sell two parcels of unimproved farmland in Florence County to Derrell Cox for $100,000.  Finklea and Howard later agreed to lower the price to $90,000 when Coxs contingency financing was jeopardized by a lower appraisal. The sale took place on September 11, 2000.  
Finklea died on June 8, 2001.  In May 2002, Cox secured an administrative transfer of tobacco allotments assigned to the two parcels.  Howard learned of the transfer in August or September 2002.  Howard and her husband attempted to buy the allotments back from Cox; however, Cox did not agree to the sale. 
Howard and the Estate of Leland Finklea (hereafter collectively referred to as Howard) filed this action against Cox alleging the following causes of action:  (1) breach of contract; (2) specific performance; and (3) unjust enrichment.  Howard later amended her action to include an additional claim for rescission based on a mistake as to the facts and terms upon which the contract was based.  Cox moved for summary judgment, arguing the statute of frauds barred any contractual claim against him and asserting no genuine issue of material fact was in dispute.  At a hearing on Coxs motion for summary judgment, Howard abandoned the breach of contract cause of action and proceeded solely on the theories of unjust enrichment and rescission.  
The trial court granted summary judgment to Cox on Howards equitable causes of action.  This appeal followed. 
LAW/ANALYSIS
Howard argues the trial court placed undue emphasis on the established principle that tobacco allotments run with the land.[1]  She further challenges the trial courts holding that she was not entitled to judicial relief on the grounds of mistake from the terms of a poorly prepared agreement of [her] own making, contending the rule that tobacco allotments run with the land does not preclude her from recovering on the equitable theories of mistake of fact or unjust enrichment.  We reject these arguments.
          As to mistake of fact, whether unilateral or mutual, recovery requires a showing that the mistake was not due to the complainants negligence.[2]  Here, Howard conceded in her brief that either party could have discovered that the allotments were assigned to the tracts in question.  If Howard or Finklea had made appropriate inquiries before agreeing to sell the property, the mistake that led to Coxs acquisition of the tobacco allotments could have been avoided.
          As to Howards action for unjust enrichment, the trial court concluded that even if Howard and Finklea were totally unaware of the principle that agricultural allotments run with the land, Cox was under no legal or ethical duty to educate or inform them of this principle.  As an additional basis for dismissing this cause of action, the trial court held that Cox had paid a reasonable amount for the property including the allotments.  
          We find no reversible error concerning the trial courts second determination.  In this case, Howard needed to show not only that Cox received a benefit at her expense but also that it would have been unconscionable for him to retain it.[3]  Logically, such a showing in the present case would include substantive evidence about the value of the allotments.[4]  Here, Howard presented no evidence suggesting that the price she received for the property was unconscionably low in view of the fact that the tobacco allotments transferred with it.  Without such evidence, we cannot fault the trial court for refusing to allow Howard to proceed on her action for unjust enrichment.  
AFFIRMED.
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  See Lee v. Berry, 219 S.C. 346, 351, 65 S.E.2d 257, 259 (1951) (It is explicit that the acreage allotment is made to the farm and not the person who owns or operates the farm and therefore runs with the land.); Jenkins v. Brown, 340 S.C. 557, 561-62, 532 S.E.2d 302, 304 (Ct. App. 2000) (The acreage allotment is made to the farm and not the person who owns or operates the farm and therefore runs with the land.).  
[2]  See Blassingame v. Greenville County, 150 S.C. 167, 207-08, 147 S.E. 848, 862 (1929) (stating that in the absence of fraud, concealment, or misrepresentation, [a] party fully competent to protect himself . . . has no right to call upon Courts of justice to protect him against the consequences of his own carelessness, and to disturb the peace of society by his clamors for justice which he has voluntarily or negligently surrendered) (quoting Murrell v. Murrell, 21 S.C. Eq. 72, 82 (2 Strob. Eq. 148, 154) (1848)); Turner v. Washington Realty Co., 128 S.C. 271, 276, 122 S.E. 768, 769 (1924) (noting relief will be not granted for an alleged mistake that is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty) (citations omitted).
[3]  See 66 Am. Jur. 2d Restitution and Implied Contracts § 180, at 755 (2001) (To entitle one to restitution, a plaintiff must generally prove that there was an unjust enrichment and that the person sought to be charged had wrongfully secured a benefit or had passively received one which it would be unconscionable for him or her to retain.).
[4]  Cf. Atkinson v. Belser, 273 S.C. 296, 300, 255 S.E.2d 852, 856 (1979) (Inadequate consideration is not a ground for rescission of a deed unless it is so palpably disproportioned to the real and market value of the property as to constitute an unconscionable contract.) (quoting Holly Hill Lumber Co. v. McCoy, 201 S.C. 427, 445, 23 S.E.2d 372, 380 (1942)); Hemingway v. Small, 284 S.C. 42, 46, 324 S.E.2d 335, 338 (Ct. App. 1984) (noting evidence regarding valuation is crucial to invalidate a deed).